## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **VALERIE SMITH** | : | |
| 451 Volusia Ave | : | |
| Oakwood, OH 45409 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-168 |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **REAL ART DESIGN GROUP, INC.** | : | |
| 520 East First Street | : | **Jury Demand Endorsed Herein** |
| Dayton, OH 45402 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Valerie Smith ("Plaintiff") and proffers this Complaint for damages against Defendant Real Art Design Group, Inc. ("Defendant").

## THE PARTIES

1.      Plaintiff is a natural person residing in Montgomery County, Ohio.

2.      Defendant Real Art Design Group, Inc. is an Ohio corporation doing business in the Southern District of Ohio.

3.      At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA") and by O.R.C. Chapter 4112.

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA") and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, et seq. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit.

## FACTUAL BACKGROUND

9. Plaintiff was an employee of Defendant and was hired on or around March 2, 2018.

10. Plaintiff's job title was Print Designer. Her job duties included but were not limited to: producing designs for publications, promotional displays, packaging,

2

brochures, and signage; generating incentive work; creating graphic files, proofs, and mock-ups; building print-ready files from concept layouts; and communicating ideas verbally, visually, and in writing.

11.     Plaintiff's performance and disciplinary history is devoid of any significant issues.

12.     Plaintiff suffers from chronic migraines, which often impact Plaintiff's ability to sleep and work because they cause fatigue, inability to focus because of the pain, difficulty sleeping, sensitivity to light, and diminished verbal abilities.  Plaintiff's migraines are a disability pursuant to the ADA and R.C. 4112.

13.     On or around March 15, 2021, because of her chronic migraines, Plaintiff emailed Chris Wire, CEO, and Brandy Futrell, Controller with a proposal to reduce her hours and her compensation by 25%, due to concerns she had about her physical and mental health.  This email is attached hereto as Exhibit B.

14.     This request was a request for reasonable accommodation pursuant to the ADA and R.C. 4112.

15.     Plaintiff informed Mr. Wire and Ms. Futrell that she was experiencing chronic migraines that impaired her verbal abilities and her focus.

16.     Plaintiff explained that she wanted to reduce her hours, along with reducing her pay, so she could be a happier, healthier version of herself and be more productive at work.

17.     Defendant did not even engage in a conversation with Plaintiff about whether it was feasible for her to work reduced hours, with reduced pay.  Defendant completely failed to engage in the interactive process required by the ADA.

18.     Instead, almost immediately after Plaintiff sent this email, Mr. Wire told her that they needed to discuss her separation from Defendant.

19.     Plaintiff did not want to resign, nor did she believe there was any legitimate reason for her termination.

20.     Nonetheless, Plaintiff was terminated on March 26, 2021, nine days after she requested a reasonable accommodation for her disability.

## COUNT I
### Disability Discrimination – R.C. §4112.02

21.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

22.     At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

23.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

24.     Defendant knew Plaintiff was disabled and/or regarded her as disabled.

25.     Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

26.     Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions:  terminating her employment, retaliating against her, failing to provide a reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

27.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but

not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

28.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT II
### Disability Discrimination – Americans with Disabilities Act

29.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

30.     This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

31.     Plaintiff is an otherwise qualified individual.

32.     Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded her as disabled.

33.     Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

34.     Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions:   terminating her employment, retaliating against her, failing to provide a reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but

not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

36.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT III
### Retaliation – R.C. §4112.02

37.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

38.     Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability.

39.     Defendant knew Plaintiff engaged in a protected activity.

40.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, refusing her reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

41.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

42.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## <u>COUNT IV</u>
### Retaliation – Americans with Disabilities Act

43.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

44.     Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability.

45.     Defendant knew Plaintiff engaged in a protected activity.

46.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, refusing her reasonable accommodation, failing to engage in the interactive process, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

47.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

48.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## <u>COUNT V</u>
### Failure to Accommodate – Americans with Disabilities Act

49.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

50.     At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

51.     Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded her as disabled.

52.     Plaintiff was an otherwise qualified individual with a disability.

53.     Plaintiff requested a reasonable accommodation for her disability when she requested to reduce her hours by 25%, due to concerns about her physical and mental health.

54.     Such reasonable accommodations were possible for Defendant to provide.

55.     Defendant violated the ADA by failing to accommodate Plaintiff's disability by terminating Plaintiff for issues related to her disability and by completely failing to engage in the interactive process.

56.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

57.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

<u>COUNT VI</u>
**Failure to Accommodate – R.C. §4112.02**

58.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

59. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

60. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

61. Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded her as disabled.

62. Plaintiff requested a reasonable accommodation for her disability when she requested to reduce her hours by 25%, due to concerns about her physical and mental health.

63. Such reasonable accommodations were possible for Defendant to provide, yet Defendant failed to engage in the interactive process.

64. Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)

(*Rachel@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
Jamie R. Bailey (0099789)
(*Jamie@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)
*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)